**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
Spottswood W. Robinson III and Robert R. Mehrige Jr.
Federal Courthouse, 701 East Broad Street
Richmond. Virginia 23219

**KENDRA L. JOHNSON,**
                Plaintiff,

   v.                                    Civil Action No. 3:23-cv-00807

**EQUIFAX INFORMATION SERVICES, LLC**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

**EXPERIAN INFORMATION SOLUTIONS, INC.**
Please Serve:
David N. Anthony, Esquire
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
Registered Agent,

**TRANS UNION, LLC**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

**FULTON BANK NATIONAL ASSOCIATION**
Please Serve:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060
Registered Agent,
                Defendants.

## COMPLAINT

Now comes Kendra L. Johnson ("Johnson"), by counsel, and sets forth the following to the Court:

### I. Jurisdiction

1. This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1681(p); 12 U.S.C. § 2614; 28 U.S.C. § 1331, 28 U.S.C. § 1367; 15 U.S.C. 1692 et seq. and because this complaint includes state law claims as to which this Court has jurisdiction pursuant to 28 U.S.C. Section 1367 et seq.

### II. Venue

2. Venue is proper in the Court because the registered agents for Equifax Informataion Services, LLC, ("Equifax"), Experian Information Solutions, Inc ("Experian"), and TransUnion, LLC ("TransUnion") are in the City of Richmond and the registered agent for Fulton Bank National Association ("Fulton Bank") is in Henrico County, Virginia.

### III. Parties

3. Johnson is a natural person who resides in the Commonwealth of Virginia.

4. Equifax is a for-profit corporation doing business in the Commonwealth of Virginia. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

5. TransUnion is a for-profit corporation doing business in the Commonwealth of Virginia. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

      TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

6. Experian is a for-profit corporation doing business in the Commonwealth of Virginia. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

7. Fulton Bank is a for profit bank doing business in the Commonwealth of Virginia.

## IV.  Facts

*Facts Relevant to All Counts*

8. At all times relevant to this case, Johnson has been owner of her home ("the home') located at 206 West Home Street, Richmond, Virginia 23222.

9. Johnson was borrower in a mortgage loan ("the loan") as to which Fulton Bank was the lender.

10. Johnson applied to Fulton Bank for a loan modification.

11. Fulton Bank and Johnson entered into a trial payment plan under which Johnson made three monthly payments that ended in early 2022.

**Count One:     Breach of Implied Covenant of Good Faith and Fair Dealing**

12. Fulton Bank and Johnson were parties to the loan.

13. Under the Virginia common law, both parties were subject to implied covenants of good faith and fair dealing not to deprive the other of the essential rights of the loan. As a result of such implied covenant of good faith and fair dealing, Fulton Bank was contractually obligated not to tell Johnson to stop making payments on the loan. See E.g. *Bourdelais v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 158508 (E.D. Va. Nov. 5, 2012).

14. Notwithstanding was is set forth in paragraph 13 of this complaint, in early 2024, Fulton Bank told Johnson she could not make payments because that would interrupt and disrupt the processing of her loan modification application.

15. As a result of such breach of good faith and fair dealing by Fulton Bank, Johnson sustained and will sustain the following damages:

    A. She incurred late charges, attorney's fees and other charges that were added to the loan.

    B. Her credit was damaged.

    C. She lost the interest on her damages recited in subparagraphs A and B of this paragraph of this complaint.

    D. Her credit will continue to be damaged.

    E. She will continue to sustain loss of interest on her damages recited in subparagraphs A and B of this paragraphs of this complaint.

16. As a result of what is set forth herein above in this Count of this complaint, Johnson is entitled to entry of a judgment in her favor against Fulton Bank for compensatory damages.

**Count Two:   Fraud**

17. Johnson re-avers the facts set forth in Count One of this complaint, except for the facts as to remedy.

18. When Fulton Bank made the statement to Johnson recited in paragraph 14 if this complaint, Fulton Bank knew that such statements were false and intentionally made those false statements knowing such to be untrue.

19. Johnson reasonably relied on such statement as being true (although such statement was, in fact, intentionally false).  Such reliance was reasonable because Fulton Bank is a large bank and there was nothing to alert Johnson to believe that such statements were false.

20. As a result of such false statement (recited in paragraph 14 herein above) and Johnson's reasonable reliance that it was true (although it was in fact false), Johnson sustained and will sustain the damages recited in paragraph 15 of this complaint and also emotional distress.

21. The facts set forth herein above in this Count of this complaint constituted fraud.

22. Such fraud by Fulton Bank was intentional, deliberate, willful, wanton, wrong, oppressive, and so lacking in consideration of Johnson's rights as to be legally malicious (although not based on actual hate)

23. As a result of the facts set forth herein above in this Count of this complaint Johnson is entitled to entry of a judgment in his favor against Fulton Bank for compensatory damages, including for emotional distress, including but not limited to loss of sleep; stress; loss of concentration at work; difficulty in personal relationships; since of being wronged; anger; depression; anxiety, and loss of the normal enjoyments of daily life.

24. As a result of the facts set forth in this County of this complaint, there are grounds for this Court to enter a judgment in favor of Johnson against Fulton Bank for her attorney's fees for preparing, filing and maintaining this complaint.

25. As a result of the facts set forth in this Count of this complaint, there are grounds for this Court to enter a judgment in favor of Johnson against Fulton Bank for punitive damages.

**Count Three:** **Breach of the Fair Credit Reporting Act**

26. Johnson re-avers the facts set forth in Count One and Count Two of this complaint, except for the averments as to remedy.

27. Fulton reported to credit bureaus including TransUnion, Experian, and Equifax that Johnson was in arrears on the loan, which she was not because Fulton had instructed Johnson not to make payments on the loan.

28. As a result, TransUnion, Experian, and Equifax included on Johnson's credit record that Johnson was in arrears on her mortgage home loan, which she was not because Fulton had instructed Johnson not to make payments on the loan.

29. On September 22, 2023, Johnson, by counsel, sent a written dispute to Equifax, Experian, and TransUnion. A copy of such dispute accompanies this complaint as "Exhibit A."

30. Equifax, Experian, and TransUnion informed Fulton Bank of the dispute on behalf of Johnson set forth in Exhibit A.

31. Fulton Bank did not properly respond to Exhibit A.

32. Equifax, Experian and TransUnion understood that a dispute had been made on behalf of Johnson by means of Exhibit A but did not sufficiently take action to investigate what they understood to be a dispute to Johnson's credit report within the required time to do so.

33. None of the defendants took any action in response to Exhibit A to effect correction of Johnson's incorrect credit report (as set forth in Exhibit A).

34. In failing properly to investigate and to correct the aforesaid error in Johnson's credit report, Equifax, Experian, and TransUnion breached the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("the Fair Credit Reporting Act").

35. In failing to investigate its own error and in failing to correct its error in reporting to the aforesaid credit bureaus Fulton Bank, despite knowing the credut record was incorrect, and in failing to correct the mistake that its credit reporting as to the matters referenced in Exhibit A, Fulton Bank breached the Fair Credit Reporting Act.

36. The aforesaid breaches of the Fair Credit Reporting Act by Equifax, Experion, TransUnion, and Fulton Bank were willful breaches by each of them.

37. As a proximate result of the aforesaid violations of the Fair Credit Reporting Act, including the conduct, action, and inaction of Equifax, Experian, Transunion, and Fulton Bank, each of which did so separately, Johnson sustained and will sustain the following damages:

    A. She has been turned down for credit by Virginia Credit Union and Navy Federal Credit Union, and Bank of America, and Upstart.

    B. She has obtained credit by higher interest rates to obtain a car loan.

    C. She has been unable to refinance her car loan at a lower interest rate.

    D. She has lost and will continue to lose the interest on her economic damages recited in subparagraphs (A) (B) and (C) of this paragraph of this complaint.

    E. She has sustained and will sustain great emotional distress.

38. The conduct, action, and inaction of Equifax, Experion, Trans Union, and Fulton Bank recited herein above rendered them liable for actual and statutory damages, in an amount to be determined by a jury.  In the alternative, Equifax, Experion, Trans Union,  and Fulton Bank were negligent, entitling Johnson to recover actual damages under 15 U.S.C. Section 168.

39. As a result of the matters set forth herein above in this Count of this complaint, Johnson is entitled to recover actual damages (including for emotional distress), statutory damages, and attorney's fees from Equifax, Experian Transunion, and Fulton Bank, jointly and severally.

40. As a result of the facts recited herein above, there are grounds for this Court to enter a judgment in favor of Johnson against Equifax, Experian, Transunion, and Fulton Bank for punitive damages.

### V.  Call for Trial By Jury

41. Johnson calls for trial by jury.

### VI. Conclusion

Wherefore, Johnson prays that the Court enter a judgment in her favor against Equifax, Experian, Transunion, and Fulton Bank, jointly and severally, for actual damages, compensatory damages, including for emotional distress, for statutory damages, punitive damages and for attorney's fees.

Respectfully submitted,

**KENDRA  L. JOHNSON,**
By  /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219

(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Kendra L. Johnson*